Geimke, J.
who sat at the first trial, gave a charge decidedly against the defendant.
The Jury, however, returned a verdict in favour of the defendant; in consequence of which, a new trial was moved for in Charleston, and granted.
At the second trial, Buejíe, J. sat, and charged in fa-vour of the plaintiffs, and the jury, notwithstanding the judge’s direction, again found for the defendant.
The present was, therefore, a motion for a third trial, and for leave to change th e venue, on two grounds; 1. That the jury had found a verdict twice against the obvious principles of law, and both times against the opinion of the presiding judge, as well as against the opinion of the judges at bar. 2. That a fair and impartial trial could not be had, on account of the prejudices the people in Ninety-six distinct entertained against the class of people, who went during the war, by the name of tories.
Rutledge, Ch. J.
was of opinion, that as this was a dispute about property taken during the war, it was best that there should be an end of it, and that a third trial ought not, for that reason to be granted. He admitted, however, the power of the court to order a third trial, and declared that he would concur in doing so in this case, if it were not for the circumstance before mentioned.
*271 Watxes, J.
When a new trial was before ordered in this case, it was evident from the report of it, that the verdict was contrary to law. It is evident that the second verdict is equally so ; for it is expressly stated that there was no legal appropriation of the negro ; and it has been frequently determined, that property taken during the war, and so circumstanced, was not devested out of the former owner. The question then is, whether the court will direct a third trial ? And I have no doubt that it ought to do so. It is insisted, that two concurrent verdicts are conclusive ; but in the cases quoted to shew this, it appears that the actions were for damages, and of course, depended greatly on the consideration of facts. If this were such a .case, I should think that we could not interfere any farther, because the subject would belong chiefly to the jury, and the opinion of two juries ought to determine it finally. Or if the law was complicated with facts, so that the application of it was doubtful, and it could not be independently considered, the construction of it by two juries in the particular case, might be allowed to be definitive. But here is a clear and established principle, uncontrolled by any facts, which two juries have said shall not have its fixed operation. Shall their opinions be allowed to change the law ? If they were, there would very soon be no certainty in any law, or in any of our rights as freemen. For however honest they may be, yet having no legal knowledge, and being liable to be misled by the counsel, different juries would make different constructions, and the law would - be the fluctuating opinion of every twelve men who happened to sit as jurors at any court. Legislators as well as judges would both then be useless ; and the persons and the properties of the citizens, instead of being governed by constant and uniform rules, would be governed by such rules as private opinion would occasionally dictate. In what respect would such a government differ from a despotic one ? In no other than the name. God forbid then that the verdicts of two juries should make the law ! As this would be the effect in the present case, I feel it my duty to pre=> *272 vent it, as far as it depends on me, by saying there should ^ anotjiei. trial.
Bay, J.
Wherever the jury find a verdict against thé plain and obvious principles of law, and against the directions of the judges who tried the cause twice, as well as against the opinions of the judges at bar, there ought to be a third trial ; otherwise there can be no certainty in the principles of the law. in cases sounding in damages, which properly? come within the province of a jury, the court will seldom or never grant a third'trial j or in matters where law and facts are, in a great measure, blended together. But wherever the principles of law are outraged by these verdicts, we ought uniformly to grant a third trial, so as to give the party a chance for justice. The case of Goodwin v. Gibbon, 4 Burr. 2188. is in point on this head — where Lord Mamjield said, “ there was no ground to say that a new “ trial should not be granted after a former new trial; there “ is no such ride ; a new trial must depend upon answering “ the ends of justice.” Mr. Justice Tates was clear that a second new trial ought to be granted, as well as the first, if the reasons were sufficient for granting it. Mr. Justice Aston concurred. Mr. Justice Hewitt — the granting a new ti'ial a second time, must depend upon the circumstances of the case. 2 Morg. Essays, 72, 73. As to the second part of the motion to change the venue, we cannot grant it, because the party may have a special jury, which he has not yet tried.